MONCURE, P.,
delivered the opinion of the court.
On the 24th day of September last, the appellee James W. Michie gave to the appellants a written notice, that on the tenth day of the now present term of this court, he would move the court for an order upon them to use due diligence about maturing this appeal for hearing as to the other ap-pellees, and that, unless it be so matured within such time as the court might deem reasonable, and prescribe for that purpose, it should stand • and be dismissed; or for such other relief in the premises as to the court might seem meet. On Thursday the 11th instant the appellants were called, the notice proved, and the motion was continued until next day. On Friday the 12th instant the appellants were called and notice proved again, a doubt being expressed whether the 11th or 12th instant was the tenth day of the term. And the motion was made and argued by the counsel of the party in whose behalf it was made.
Before deciding upon the motion, it is deemed to be proper by the court to express an opinion upon the preliminary question, as to which was the tenth day of the term; though the decision of that question was rendered ^immaterial to the decision of the motion, by the course of proceeding above mentioned.
Whether the tenth day of the term was the 11th or the 12th instant depends upon whether Sunday, which intervened between the first and tenth days of the term, ought to be counted as one of the days of the term; and the court is of opinion that it ought not. Whether, in estimating and computing the days of a term of a court in the construction of any statute or notice, Sunday is to be numbered as one of them, is a question which depends upon the understanding and intention of the legislature, or the parties. Whatever may be the rule on the subject in England or elsewhere, the understanding in Virginia ever since the foundation of the government, if not the settlement of the colony, has been general, that Sunday, being dies non juridicus, is not one of the days of the term of a court. The sense of the legislature on this subject is shown by the statute, which declares, that “where a court is directed to be held, or any other proceeding directed by law to take place, on a particular day of the month, if that day happen to be Sunday, the court shall be held, or the proceeding take place, on the next day. And where a law authorizes a court, or the pro-, ceedings of an. office, to be adjourned from day to day, an adjournment from Saturday to Monday shall be legal.” Code, ch. 16, (j 17, p. 115, 8th clause. This statutory construction would be in apparent conflict with the literal terms of such a law, which might be supposed to indicate an intention *275 to modify the general rule in the particular case; and yet, so general and decided is the understanding in the country that Sunday is not a day of a term, that the legislature, in framing the general statute referred to, presumed that such a law as is therein mentioned was intended to conform to the general understanding, though apparently in conflict therewith.
*When the statute speaks of a numbered day of a term, there is not even an apparent conflict, and there can be but little difficulty in so construing the statute as to exclude Sunday in the computation. The difficulty is still less in so construing a notice; which, being the act of the parties, is favorably construed to effectuate their intention, and not strictly construed according to technical rules which might be supposed to govern the legislature in framing a law. The question in construing such a notice is, how did the parties understand the words used in the notice? And the answer is, as they are generally understood in the country.
The fixed conviction and general understanding and practice in Virginia on this subject is plainly shown by the decision of the late General Court in Hill’s case, 2 Gratt. 594, 612-13. Sunday being dies non, in the language of the court in that case, was not regarded by the judges in construing a statute as one of the days of a term. Indeed no question seems to have been raised in the case upon that point. There could be no better evidence of the general understanding and practice of the country on this subject. The case was of the highest importance ; a conviction of murder in the first degree. The counsel for the prisoner was among the first in the land. The judges were men of great ability and experience, living in all parts of the country, and well acquainted with the general understanding and practice on the subject. And yet, in such a case, with such counsel, before such judges, no question was raised, but the matter was considered as settled. After the decision of that case we can have no difficulty in saying what is the true rule of construction in such cases in Virginia, and that Sunday ought not to be counted as one of the days of a term.
But while we have no difficulty on this question, we do *not mean to imply that the learned counsel of the plaintiff in this motion was wrong in raising the question. On the contrary he properly did so, as it was a question unsettled by any decision of this court; and his great learning and research have developed a mine of authority on the subject, which tends to show that in England such a question might be decided otherwise. But we think it unnecessary to investigate those authorities.
In regard to the merits of the motion, we think the plaintiff is entitled to have, substantially, such a rule as he asks for. It devolves on the plaintiffs in a suit to mature their suit for trial, and if they are negligent in doing so the defendants are entitled to a rule to speed, and to have the suit dismissed if the rule be disregarded: otherwise litigation might be interminable. We see-no reason why this principle should not apply to the Court of Appeals as well as any other court; especially as the appellees-have already obtained a judgment or decree in their favor in the court below.
There is nothing in the case of Raine &c. v. The Bank of Virginia, 4 Gratt. 150, which is in conflict with this view. There,after the appeal was matured for hearing, one of the appellants died; and then the appellee moved for a rule to compel the appellants to revive the appeal, or that the same should be dismissed. And the court held that in such a case, either party might proceed to have the case revived, and that it was incumbent on the party wishing such revival to take upon himself active measures for that purpose, and that he had no right to impose the obligation on his adversary. The revival of the appeal was as easy an operation as the rule to speed, and as the appellee had a right to revive it, the court thought he ought to have done so instead of moving for a rule. Here the appeal has not been matured, and there is a great number of appellees who ap-pear not to have *been served with process, or proceeded against by publication. Surely the burden of proceeding against them cannot devolve upon the party who makes this motion. A rule will accordingly be entered in the form which we have prepared for the purpose.
The rule entered was as follows:
This day came the appellee James W. Michie by his counsel, and the court having maturely considered his motion made on the 12th instant, doth order that the appellants use due diligence in maturing the said appeal for hearing; and, if it be not so matured before the 5th day of April next, the court will on that day dismiss the said appeal, unless good cause be then shown to the contrary.
No cause being shown to the contrary at the April term of the court, the appeal was dismissed.